T. R. LONGCOPE

*vs.*

LUCERNE-IN-MAINE COMMUNITY ASSOCIATION.

Penobscot.     Opinion September 5, 1928.

*Locke, Perkins & Williamson,* for plaintiff.
*James M. Gillin,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, JJ.

DEASY, J.   In December, 1925, H. M. Saddlemire, president of the defendant corporation and projector of several other expansive plans, by oral contract, employed the plaintiff as "co-ordinator" at an agreed salary of $250 per week.

On May 1, 1926, Mr. Saddlemire discharged the plaintiff.   The full stipulated salary was paid to the date of discharge.   Thereupon this suit was brought to recover of the defendant damages for alleged breach of contract.

The general issue and Statute of Frauds were pleaded.

The plaintiff recovered a verdict.

The defendant filed a general motion for a new trial.

For the purpose of this opinion, the verdict establishes as true the plaintiff's version of the contract and that there was no breach of it by him.

No written memorandum satisfies the Statute of Frauds.   Each of certain exhibits introduced for the purpose tends to show that on a certain day the plaintiff was in the service of the defendant corporation; but neither exhibit points to an agreement by the corporation that any paid employment should continue for even another day.

The oral contract as detailed by the plaintiff is as follows:

"His proposition was that I should leave the Hearst organization and come with him, and he had in mind quite a large development.   As he expressed it at the time, he said, 'I am going to come into the State of Maine as the biggest promoter that has ever come into the State of Maine.   My first object is going to be to develop the State of Maine as a playground,' and this Lucerne-in-Maine was to be the first enterprise in that regard. He said, 'After I develop it as a playground I shall develop it in an agricultural way; then I shall go from that into an industrial development, all of which will take a great many years to develop, and I want you with me to act as my right-hand man during that time.'   I explained to Mr. Saddlemire -------- that I could not afford to take that risk of coming with him unless the employment was definite and permanent, and he assured me that it was permanent and outlined, as I have just stated, the various things that he was going to develop."

The plaintiff testifies that on December 5, 1925, he accepted

Mr. Saddlemire's proposition, the salary having been mutually agreed upon.

Mr. Saddlemire's version of the contract does not differ essentially from that of the plaintiff, except in respect to the claim of the latter that he expressly reserved the right to discharge the plaintiff at will. This contention is negatived and disposed of by the verdict.

The defendant's main reliance is upon the Statute of Frauds which bars actions upon contracts not to be performed within a year unless such contracts are evidenced by writing.

Contracts of employment for a specified period of more than a year or for the performance of undertakings which necessarily require more than that time are obviously within the statute.

Also within the statute are contracts wherein the manifest intent and purpose of the parties, affirmatively proved, is that more than one year shall be taken for their performance.

Browne on The Statute of Frauds, (5th Ed.) Section 281, states this principle thus:

"Where the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time, are that the contract shall not be executed within the year, the mere fact that it is possible that the thing to be done may be done within the year will not prevent the statute from applying."

And in Chitty on Contracts, (11th Ed.) Page 99, it is said that "where the agreement distinctly shows, upon the face of it, that the parties contemplated its performance to extend over a longer period longer than one year, the case is within the statute."

This Court in *White* v. *Fitts*, 102 Me., 244, quotes these authorities and in its opinion and decision affirms and applies the law as therein stated. See *White* v. *Fitts* and cases cited.

Some authorities hold that mere possibility of literal performance within a year removes the bar of the statute. Such is not the law in this jurisdiction. The intent of the parties that the contract is not to be performed within a year whether such intent is expressed in words or otherwise plainly manifested is controlling.

Mr. Longcope's contract as appears from his own testimony required him to act with Mr. Saddlemire during the time that the

latter is engaged in carrying into execution vast plans of state-wide vacational, agricultural and industrial development. These ambitious projects certainly require more than a year for completion. The parties so understood and intended. It was indeed stated in the contract, as testified to by the plaintiff that the work undertaken would take "a great many years" and that "during that time" the plaintiff was to act as Mr. Saddlemire's right-hand man.

This case is clearly within the legal principle as enunciated by the above authorities.

The plaintiff cites and relies upon *Carnig* v. *Carr*, 167 Mass., 544. In that case as in *White* v. *Fitts* the Court seeks for the intent of the parties and makes that the test. Applying that test the action was held not barred.

The decision of the Massachusetts Court might well have been different if, as in the instant case, the plaintiff had agreed to work during the time his employer is engaged in vast enterprises which were expected to and indeed stated to require "a great many years to develop."

Cases involving and holding not to be within the statute, contracts terminable upon contingencies which may occur within a year are in harmony with this opinion. In this class are contracts to provide support during life. *Thurston* v. *Nutter*, 125 Me., 415. The manifest intent in such cases is that the contract shall terminate upon the happening of the contingency whether that event occur sooner or later.

It may be well argued that the contract which we are considering was made with Mr. Saddlemire individually and not with him in behalf of the Lucerne-in-Maine Community Association which was the first and perhaps the smallest of the developments which the plaintiff was employed to serve. But Mr. Saddlemire not being a party it is unnecessary to pass upon that point. In either event the present action cannot be maintained upon the evidence presented in this record.

> *Motion sustained.*
> *New Trial granted.*