■ Nelson Bagel Bakery Co., Inc., et al., Appellants, v Moshcorn Realty Corporation et al., Respondents. [734 NYS2d 134] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered November 9, 2000, dismissing the complaint and awarding the corporate defendant damages against plaintiffs on a counterclaim, and bringing up for review an order which, in an action by a tenant and its principal against a landlord and its principals arising out of the landlord's alleged wrongful refusal to permit the tenant to reenter the premises after the eviction of the tenant's assignee, denied plaintiffs' motion to compel disclosure, and granted defendants' cross motion for summary judgment dismissing the complaint and for an award of a sum certain on their counterclaim for lost rent incurred as a result of the assignee's default, unanimously affirmed, without costs.

Plaintiffs' action is based on defendants' alleged oral promise that, in the event of a default by the new tenant, who was plaintiffs' assignee and the purchaser of its long-established business on the premises, plaintiffs could reenter the premises and complete the term of the parties' recently executed 10-year lease. Such a promise is unenforceable under the Statute of Frauds (General Obligations Law § 5-703 [2]) since it involves the leasing of real property for a longer period than one year. Under the lease assignment, a facially complete writing, plaintiffs explicitly relinquished all of their right, title and interest in the lease, and they presently adduce no note or memorandum subscribed by defendants reserving to them a right to reenter the premises upon the assignee's default. Indeed, ample documentary evidence shows that the subject lease was negotiated with the assignment in view, and that persistent attempts by plaintiffs to secure such a right of reentry were just as persistently refused by defendants. Plaintiffs cannot avoid the Statute of Frauds by arguing that the alleged oral promise was a misrepresentation of fact and that their claim is based on fraud (see, *Lilling v Slauenwhite*, 145 AD2d 471, 472). Nor can they avoid it by claiming part performance where none of the acts they describe are unequivocally referable to the alleged oral promise (see, *Reisler v 60 Gramercy Park N. Corp.*, 88 AD2d 312, 316-317). The cash payments that plaintiffs allegedly made to defendants, as well

as the individual plaintiff's personal guarantee of all lease obligations that admittedly was intended to survive the then impending assignment, can be plausibly explained as consideration for defendants' consent to the assignment, and plaintiffs' forbearing from intervening in defendants' eviction proceeding against the assignee can be plausibly explained by the unlikelihood that such would have resulted in plaintiffs' regaining of the premises. No issues of fact are raised as to plaintiffs' liability for lost rent caused by the assignee's default, the amount of which is liquidated and undisputed. We have considered plaintiffs' other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Ellerin, JJ.