FOREST CITY CHEVROLET,
Plaintiff,

v.

WATERFORD OF PORTLAND,
LLC, Defendant.

No. CIV.01–282–P–H.

United States District Court,
D. Maine.

Jan. 16, 2002.

Philip P. Mancini, Esq., Horace W Horton, Esq., Douglas F. Britton, Esq., Drummond & Drummond, LLP, Portland, ME, for Forest City Chevrolet.

Glenn Israel, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for Waterford of Portland LLC.

Richard P. Romeo, Esq., Smith Elliott Smith & Garmey, PA, Saco, ME, for DSD Real Estate Inc.

## ORDER ON MOTION TO DISMISS

HORNBY, Chief Judge.

■ The motion to dismiss[1] is **GRANTED**. The plaintiff purchaser

---

1. Although the defendant's argument is based on the statute of frauds, an affirmative defense, it is nonetheless appropriately addressed as a motion to dismiss. As the First Circuit noted in *Blackstone Realty LLC v. Federal Deposit Insurance Corp.*, 244 F.3d 193, 197 (1st Cir.2001): "It is well established that affirmative defenses, such as the failure of a contract sued upon to satisfy the statute of frauds, may be raised in a motion to dismiss an action for failure to state a claim." The court qualified this rule, though, by adding: "[I]t is equally well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear 'on the face of the plaintiff's pleadings.'" *Id.* (citation omitted). Dismiss-

al is only appropriate if "the complaint, together with any other documents appropriately considered under Fed.R.Civ.P. 12(b)(6) ... 'leave no doubt' that the plaintiff's action is barred by the asserted defense." *Id.* (citing *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998)). In cases such as this one, where the affirmative defense is potentially subject to an equitable limitation, the motion to dismiss may only be granted if the plaintiff "failed to sketch a factual predicate that would warrant the application of [the equitable limitation]." *LaChapelle*, 142 F.3d at 509–10. In accordance with these rules, I base my decision on a broad consideration of the plaintiff's submissions in this case.

seeks to enforce an oral agreement to convey land, but has no writing signed by the defendant seller. The statute of frauds, 33 M.R.S.A. § 51, makes such an oral agreement unenforceable, *Shaheen v. Gewappi's, Inc.*, 529 A.2d 805, 805–06 (Me.1987), unless the defendant seller is estopped from raising the defense. The Maine Law Court recognizes such an estoppel argument where the party seeking to enforce the contract has changed position in reliance upon the other party's promise. *Chapman v. Bomann*, 381 A.2d 1123, 1127 (Me.1978) (adopting the rule set forth in Restatement (Second) of Contracts § 90 (Tentative Drafts Nos. 1–7, 1973)). The only basis the plaintiff gives for such an estoppel argument here is that "[i]n reliance on [the agent's] representation that the seller would not be available for the rest of the day, [buyer's representative] did not call [the agent] back that afternoon to inquire about whether the Defendant [seller] had signed the new contract form, or whether any further revisions to the contract form were necessary," and that around 6:00 p.m. the seller signed a contract with a different buyer. Pl.'s Opp'n to Intervenor's Mot. to Dismiss Pl.'s Compl. at 4. That is not a change of position by this plaintiff buyer. The cases where the Law Court has recognized the estoppel argument involved substantial change in financial position in reliance on the promise. *See, e.g., Chapman*, 381 A.2d at 1129; *see also Gagne v. Stevens*, 696 A.2d 411, 416 (Me.1997) ("specific performance of a contract that does not satisfy the statute of frauds is warranted only 'if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, *has so changed his position* that injustice can be avoided only by specific enforcement'") (quoting Restatement (Second) of Contracts § 129 (1981)) (emphasis added).

Although the defendant also seeks to dismiss Count II, there is no Count II in this Complaint.

**SO ORDERED.**