STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                               DOCKET NO. AP-04-058

Mount Washington Radio & Gramophone, LLC,
            Plaintiff

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

MAY 13 2005

RECEIVED

        v.                                              ORDER

Vincenzo Raggiani,
            Defendant

This Case comes before the Court on Vincenzo Raggiani's appeal,

pursuant to M.R.S.C.P. 11, of a judgment entered in Small Claims Court in favor

of Mount Washington Radio and Gramophone, LLC. Vincenzo Raggiani

(Appellant) has not requested a jury trial and appeals on questions of law.

## FACTS

The limited record on appeal shows that, between February 28, 2003 and

October 31, 2003 the Monte Bello Ristorante in North Conway, New Hampshire

incurred a debt of $3,910.61, of which $402.66 were service charges. The Monte

Bello owed the money to Mount Washington Radio & Gramophone (Mount

Washington) for a series of radio spots advertising the restaurant business. The

record shows that between December 29, 2002 and October 20, 2003, the

Appellant wrote out Monte Bello checks to Mount Washington for radio spots,

some of which are reflected in Mount Washington's invoice. Notes made on

Mount Washington fliers appear to memorialize some of the terms of the

agreement between Monte Bello and Mount Washington for radio advertising. A

contract signed only by Mount Washington shows a schedule of 313 radio spots

to be aired for "client" Monte Bello between October 2002 and September 2003,

with Appellant listed as "contact name."

33 M.R.S.A. § 51(5). Thus an oral agreement to hire an assistant for a project requiring several years to complete was governed by the requirements of the statute of frauds. *Longscope v. Lucerne-In-Maine Community Ass'n,* 127 Me. 282, 143 A. 64 (1928). Here, the record shows the agreement between Mount Washington and the Appellant was expressly designed to be performed within a calendar year, and so falls outside the requirements of the statute. Because the parties agreed to a provision of services, not goods, their agreement is not governed by the writing requirement of Maine's Uniform Commercial Code. 11 M.R.S.A § 101 et seq. and § 2-201.

Here, the record contains evidence of Mount Washington's billing and Appellant's payment on behalf of Monte Bello, along with some correspondence about Appellant's ability to pay. No evidence in the record suggests that the Appellant disputed the amounts owed to Mount Washington, asked to terminate the services, or that parties had an ad hoc arrangement. Without more evidence on the record on appeal, this Court cannot conclude that the District Court's decision, finding an enforceable agreement between the parties for the amount stated, was arbitrary, capricious, or not based on the evidence the District Court considered below, and Appellant's appeal on this basis must be denied.

c. Agency.

Under the principles of agency, a corporation or business partnership may function as the principal in an agency-principal relationship. RESTATEMENT (SECOND) OF AGENCY §§ 14C, 20. An agent of such a business will often have the authority to negotiate and contract for the purchase of services on behalf of the business, and pay the bills for those services as they become due. RESTATEMENT (SECOND) OF AGENCY §§ 55, 62. However, an agent contracting on behalf of a

3

business may not be held liable for the debts of the business. *Id.* at § 140. Where the name of the principal business and the agent both appear on a written memorialization of an agreement with a third party, the writing will be construed as an instrument of the principal when a third party to the agreement seeks to enforce its terms. *Id.* at §§ 155, 156. *See, e.g. Maine Gas Appliances Inc. v. Siegel,* 438 A.2d 888, 890 (Me. 1981).

Here, the record on appeal includes a document on Mount Washington letterhead, listing the dates and cost of the radio spots and listing the name Monte Bello as the "Client" and the Appellant as "Contact Name." Checks issued to Mount Washington to pay for the radio spots were signed by the Appellant, but captioned "Monte Bello Ristorante" with a post office box address. Invoices issued by Mount Washington for the radio spots are addressed to "Monte Bello" at the same post office box address as the checks, and make no mention of the Appellant whatsoever.

What is missing from the record is any evidence showing the type of business entity "Monte Bello" or "Monte Bello Ristorante" was, and therefore, whether Monte Bello and its liabilities are to be distinguished from the Appellant himself. Nothing in the record shows the "Monte Bello" name followed by the words or abbreviations that distinguish a limited liability company, 31 M.R.S.A. § 603-A, or corporation 13-C M.R.S.A. § 401(2). Nothing in the correspondence between the parties suggests the Appellant did not feel himself to be directly responsible for Monte Bello's debts. Without more, it is impossible for this Court to determine that an agency-principal relationship existed between the Appellant and a distinct business entity, or to determine that the business entity, rather than the Appellant, was liable for the debt to Mount Washington.

4

Because there is insufficient evidence in the record on appeal showing that the decision in the District Court's was arbitrary, capricious or unreasonable, or reflects an error of law, Appellant Vincenzo Raggiani's appeal is hereby **DENIED**.

Dated_____

_____
Justice, Superior Court

5