Timothy B. STEARNS

v.

EMERY-WATERHOUSE CO.

Supreme Judicial Court of Maine.

Argued Jan. 29, 1991.
Decided Sept. 4, 1991.

Lawrence Winger (orally), Herbert H. Bennett & Associates, P.A., Portland, for plaintiff.

Robert J. Piampiano (orally), William McKinley, Richardson & Troubh, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY *, JJ.

ROBERTS, Justice.

Emery–Waterhouse Co. appeals from a judgment of the Superior Court (Cumberland County, *Lipez*, J.) awarding damages to Timothy B. Stearns for breach of an oral contract to employ Stearns for a definite term greater than one year. The court held Emery–Waterhouse estopped to assert its defense under the statute of frauds, 33 M.R.S.A. § 51(5)(1988), by the extent of Stearns's detrimental reliance on the oral contract. Because Stearns did not produce clear and convincing evidence of fraud on the part of his employer, we hold that enforcement of the oral contract was barred by the statute of frauds. Accordingly, we vacate the judgment.

Emery–Waterhouse is a Portland hardware wholesaler that also franchises "Trustworthy" hardware stores throughout the Northeast and owns several such stores. In December, 1984 the Employer's president, Charles Hildreth, met with Timothy Stearns in Massachusetts to discuss hiring him to run the Employer's retail stores. Stearns was managing a Sears–Roebuck & Company store in Massachusetts, had done retail marketing for Sears for twenty seven years, and was then fifty years old. He was earning approximately $99,000 per year, owned his home in Massachusetts, and also owned property in Maine. Stearns had some dissatisfactions with Sears but was concerned about retaining his Sears job security and was aware that his age would make it hard to find another marketing job. After the initial meeting Stearns came to Maine, inspected some stores, and met with Hildreth in Portland. The substance of this second meeting was disputed, but the jury found that Hildreth gave Stearns an oral contract of employment to age fifty five at a guaranteed salary of $85,000 per year. This contract was never reduced to writing.

Stearns resigned from Sears, moved to Maine, and became Emery–Waterhouse's director of retail sales. His employer retained Stearns in this position at $85,000 for nearly two years. In December, 1986 Hildreth advised Stearns that he was being removed, but Stearns was given a different job as the national accounts manager the next day. Stearns remained in this new position at an annual salary of $68,000 for six months. Hildreth then succeeded in his efforts to acquire a national marketing firm, eliminated Stearns's position as a result, and terminated his employment before he reached age fifty five. Stearns eventually filed a complaint in the Superior Court for breach of contract. The court denied summary judgment based on the

---

* Brody J. sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

possibility that the employer might be estopped to assert its defense under the statute of frauds by Stearns's detrimental reliance. At trial the court held that such an estoppel applied. The jury established the oral contract and breach by special findings and the court assigned damages in equity pursuant to Restatement (Second) of Contracts § 139. Following the denial of its post trial motions Emery–Waterhouse brought this appeal.

■ The appeal presents a question of first impression in Maine: whether an employee may avoid the statute of frauds based solely upon his detrimental reliance on an employer's oral promise of continued employment.[1] Other jurisdictions have divided on this question.[2] Some have permitted avoidance based on theories of promissory estoppel, *McIntosh v. Murphy*, 52 Haw. 29, 112, 469 P.2d 177, 181 (1970), equitable estoppel, *Pursell v. Wolverine–Pentronix, Inc.*, 44 Mich.App. 416, 205 N.W.2d 504, 506 (1973), or part performance, *Stevens v. Good Samaritan Hosp. and Medical Center*, 264 Or. 200, 504 P.2d 749, 752 (1972). Others have rejected such an avoidance as contrary to the policy of the statute, *Tanenbaum v. Biscayne Osteopathic Hosp.*, 173 So.2d 492, 495 (Fla. 1965), or as unsupported by sufficient evidence to verify the oral promise, *Hudson v. Venture Industries, Inc.*, 243 Ga. 116, 252 S.E.2d 606, 608 (1979). Stearns contends that our case law permits him to avoid the statute of frauds under the promissory estoppel theory of section 139 of the Restatement (Second) of Contracts.[3] We disagree.

In *Chapman v. Bomann*, 381 A.2d 1123 (Me.1978), we adopted promissory estoppel as a substitute for consideration, Restatement (Second) of Contracts § 90, but did not decide whether it would permit a direct avoidance of the statute of frauds. *Id.* § 139.[4] *Chapman* involved an oral promise to make a writing satisfying the statute of frauds that was ancillary to a contract for the sale of land. We considered whether this ancillary promise could be enforced under the equitable principle that the statute of frauds may not itself become an instrument of fraud. Focusing on the conduct of the defendant, we concluded that an actual, subjective intention to deceive can estop the operation of the statute. In addition, an oral, ancillary promise may be enforced if the circumstances show objectively that "a fraud, or a substantial injustice tantamount to a fraud" would result from strict application of the statute. *Chapman*, 381 A.2d at 1123. Thus, although we invoked the rubric of promissory estoppel, our decision in *Chapman* actually applied an equitable estoppel and extended it only to an ancillary promise to make a writing. *See* 381 A.2d at 1130 n. 6.

■ We affirm that equitable estoppel, based upon a promisor's fraudulent conduct, can avoid application of the statute of frauds and that this principle applies to a fraudulent promise of employment. But we decline Stearn's invitation to accept *promissory* estoppel as permitting avoidance of the statute in employment contracts that require longer than one year to perform. Although section 139 of the Restatement may promote justice in other situations, in the employment context it contravenes the policy of the Statute to pre-

**1.** It is undisputed that the oral contract with Stearns, if any, was for a period longer than one year and therefore was within the statute of frauds.

**2.** *See* Annotation, "Action By Employee In Reliance On Employment Contract Which Violates Statute Of Frauds As Rendering Contract Enforceable," 54 A.L.R.3d 715 at §§ 11–13 (1974); 3 S. Williston, *A Treatise on the Law of Contracts* § 533A (3d. ed.1960); 2 A. Corbin, *Corbin on Contracts* § 459 (1950 & Supp.1990).

**3.** Restatement (Second) of Contracts § 139(1) provides as follows:

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

**4.** At the time of our decision in *Chapman* the language to be incorporated in section 139 was contained in Restatement (Second) of Contracts § 217A (Tentative Draft No. 4, 1968). *See Chapman,* 381 A.2d at 1130 n. 6.

vent fraud. It is too easy for a disgruntled former employee to allege reliance on a promise, but difficult factually to distinguish such reliance from the ordinary preparations that attend any new employment. Thus, such pre-employment actions of reliance do not properly serve the evidentiary function of the writing required by the statute. An employee who establishes an employer's fraudulent conduct by clear and convincing evidence may recover damages for deceit, *Boivin v. Jones & Vining, Inc.*, 578 A.2d 187, 189 (Me.1990), or may avoid the statute of frauds and recover under an oral contract. The policy of the statute commands, however, that the focus remain upon the employer's conduct rather than upon the employee's reliance.

■ For similar reasons we reject the part performance doctrine as an avenue for avoidance of the statute of frauds in the employment context. We have recognized in other circumstances that a promisor's acceptance of partial performance may estop a defense under the statute on the ground of equitable fraud. *Northeast Inv. Co. v. Leisure Living Communities, Inc.*, 351 A.2d 845, 855 (Me.1976); *McGuire v. Murray*, 107 Me. 108, 115, 77 A. 692 (1910). Under this doctrine, too, our focus has been upon the conduct of the promisor. Moreover, an employee's preparations to begin a new assignment generally convey no direct benefit to an employer so it is particularly inappropriate to remove from an employer the protections of the statute. An employee can recover for services actually performed in quantum meruit. But to enforce a multi-year employment contract an employee must produce a writing that satisfies the statute of frauds or must prove fraud on the part of the employer.

Stearns has neither alleged nor proved fraud on the part of Emery–Waterhouse. Stearns does not dispute that he was adequately compensated for the time that he actually worked. We conclude that his action for breach of contract is barred by the statute of frauds. Our holding renders it unnecessary to address the employer's other contentions on appeal.

The entry is:

Judgment vacated.

Case remanded with direction to enter judgment for the defendant. Because of the novel question presented, no costs are awarded to either party.

All concurring.