1997 ME 75

## GREAT HILL FILL & GRAVEL, INC.

v.

**Nancy E. SHAPLEIGH, Personal Representative of the Estate of Merritt J. Shapleigh, Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 24, 1996.

Decided April 15, 1997.

Michael E. Chubrich, Eldredge, Cubrich & Harrigan, P.A., Portsmouth, N.H., for plaintiff.

William C. Knowles, Carl E. Kandutsch, Verrill & Dana, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and RUDMAN, JJ.

ROBERTS, Justice.

[¶ 1] Great Hill Fill & Gravel, Inc., appeals from the judgment entered in the Superior Court (York County, *Calkins, J.*) in favor of Nancy Shapleigh, personal representative of the estate of Merritt J. Shapleigh, Jr., on Great Hill's action seeking damages and specific performance for a breach of an oral contract. Finding no error, we affirm the judgment.

1.  33 M.R.S.A. § 51(5) (1988).

[¶ 2] The trial court found, based on competent evidence, the following course of dealings between the parties. In 1974 Merritt Shapleigh, now deceased, entered into an oral agreement with Joseph Furbush relating to property Furbush owned in Eliot. Furbush agreed that Shapleigh could remove gravel and fill, and Shapleigh promised to pay Furbush twenty cents for each cubic yard removed. In addition, Shapleigh promised to return the land to the condition of a "nice, easy slope" when he was finished excavating. Neither party contemplated that the contract would be performed within one year.

[¶ 3] The parties operated under the agreement until 1987 when the Board of Environmental Protection (BEP) began proceedings against Shapleigh and Furbush because the excavation site did not comply with environmental laws. In 1989 Furbush sold his land to Joseph Frost. Frost simultaneously entered into an agreement with Great Hill giving it the right to excavate the Furbush–Frost parcel. Furbush assigned to Great Hill all of his claims and causes of action against Shapleigh arising from the 1974 oral agreement. Great Hill brought the present action against Shapleigh's estate, seeking damages for the alleged removal of gravel and fill without payment and seeking either the costs of reclaiming the land or specific performance of Shapleigh's promise.

[¶ 4] The court concluded that enforcement of the 1974 contract between Shapleigh and Furbush was barred by the Statute of Frauds, which prevents the maintenance of actions "[u]pon any agreement that is not to be performed within one year from the making thereof."[1] This is the only issue that we need now address.

[¶ 5] There is *no doubt* that the court properly ruled that the oral promise sought to be enforced is within the Statute of Frauds, 33 M.R.S.A. § 51(5) (1988). Although it may be conceivable that the contract could have been performed within one year, the court correctly looked to the circumstances in this case to conclude that the parties plainly manifested an intent that the contract was not to be performed within one

year. *Longcope v. Lucerne–In–Maine Community Ass'n,* 127 Me. 282, 284, 143 A. 64, 65 (1928).

██ [¶ 6] Great Hill argues that Furbush's performance of the contract removed it from the Statute of Frauds. It invoked a doctrine based on principles of equitable estoppel recently applied in *Landry v. Landry,* 641 A.2d 182 (Me.1994): "After having induced or knowingly permitted another to perform in part an agreement, on the faith of its full performance by both parties and for which he could not well be compensated except by specific performance, the other shall not insist that the agreement is void [for lack of a writing]." *Id.* at 183 (citing *Bell v. Bell,* 151 Me. 207, 211, 116 A.2d 921, 923 (1955)) (quoting *Woodbury v. Gardner,* 77 Me. 68, 70 (1885)). The doctrine's rationale was explained in *Busque v. Marcou,* 147 Me. 289, 295, 86 A.2d 873, 876 (1952): "Relief because of the partial or full performance of the contract is usually granted in equity on the ground that the party who has so performed has been induced by the other party to irretrievably change his position and that to refuse relief according to the terms of the contract would otherwise amount to a fraud upon his rights."

██ [¶ 7] Great Hill seeks relief that is within the scope of the court's equitable powers. Both the grant of equitable relief and the withholding of such a relief are addressed to the sound discretion of the court. *See Dunham v. Hogan,* 143 Me. 142, 56 A.2d 550 (1948). As we stated in *Fortin v. Wilensky,* 142 Me. 372, 379, 53 A.2d 266, 269 (1947), "A decree of specific performance can never be claimed as a matter of right." In this case, Shapleigh paid Furbush market value for the gravel and fill he removed during the course of their dealings. Furbush was not induced to take discounted payments in reliance on the promise of reclamation by Shapleigh. The court decided that the application of the statute of frauds would not amount to a fraud on the rights of Furbush. In these circumstances, we cannot say that the court was compelled to conclude otherwise.

[¶ 8] Finally, we find no error in the court's evidentiary rulings that are challenged on appeal.

The entry is:

Judgment affirmed.

