STATE OF MAINE                           SUPERIOR COURT
                                         CIVIL ACTION
KENNEBEC, ss.                            DOCKET NO. CV-00-157

MICHAEL POWERS,
d/b/a POWER AUTO SALES,

        Plaintiff

    v.                                   MEMORANDUM OF
                                         DECISION AND JUDGMENT
STEVEN FOWLER,

        Defendant

This matter came on for hearing before the court, without a jury, on the plaintiff's complaint seeking a money judgment from the defendant. Count I of the original complaint sought reimbursement from the defendant for his share of monies expended by the plaintiff in support of their business. Count II sought repayment of personal loans made by the plaintiff to the defendant. Shortly before trial, the plaintiff filed a motion to amend the complaint to add a count III seeking an accounting of certain funds received by the defendant on behalf of the parties' corporation. The defendant objected to this amendment and the court took the motion under advisement until the evidence presented could be considered. Having now heard that evidence, the court concludes that the proposed amendment is not proposed simply to conform to the evidence and the motion is denied.

## Facts

The evidence presented shows that the parties were acquaintances from their

1

work at the Sappi Paper Mill and each conducted an automobile business in addition to his regular employment. At the end of 1997, defendant Fowler told plaintiff Powers that he was also getting into the trucking business, having purchased a truck with another individual. While it is unclear as to who originally had the idea, the parties decided to enter a partnership in this trucking business. Powers testified that Fowler told him he had $10,000 invested in the truck and he would give Powers a 50% portion of the partnership in exchange for cash in the amount of $5,000. Fowler testified that he had $50,000 of his funds invested in the truck and Powers was to have paid $25,000. On this, and many other aspects of the evidence, the court found Powers' testimony to be more credible.

In January of 1998, Powers paid Fowler $5,000 (plaintiff's exhibit 1). Both parties performed some of the repairs on the first truck, and Powers took over the business records in March of 1998. The business quickly required infusions of additional capital which came in the form of funds received from credit cards held in the name of Powers' automobile business. It was agreed that the trucking company would make payments on the credit cards, with Fowler to pay 50% of the balance in the event of failure to make the payments out of the partnership proceeds. In other words, Fowler was to remain personally responsible for 50% of the funds obtained from Powers' credit cards.

The business expanded, with the partnership acquiring more trucks and trailers pursuant to a lease-purchase agreement with one Ralph Nason. (Plaintiff's exhibit 11). In March of 1999, the parties incorporated the partnership as

2

Nationwide Trucking of Maine, Inc. (plaintiff's exhibit 10). Meanwhile, Powers' credit cards were being used as if they were a line of credit, providing cash as necessary when business proceeds could not meet expenses. In July of 1999, Fowler took over the corporate books. By December 1999, unable to pay their bills and the trucks having been taken back by Mr. Nason, the business ended.

The total funds advanced by Powers in support of the partnership and corporation, either in cash or through credit cards, totals $81,511.55. Powers seeks judgment in the amount of one-half of the total or $40,755.78.

At the same time that Powers was providing the operating funds for the business, he was also making personal loans to Fowler in the total amount of $8,100. These loans have not been repaid, nor has Fowler made any payment on his share of the losses of the business. The total judgment sought is for $48,855.78.

## Discussion

In addition to his different version of the facts, the defendant makes two arguments. The first is that since the initial agreement was never placed in writing and the parties did not intend that it would be performed within one year, enforcement of the oral contract is barred by the Statute of Frauds. 33 M.R.S.A. § 51(5). The court agrees with Fowler that ordinarily the agreement would be barred, however, in the present case Powers' partial performance of the agreement in the form of continued infusions of cash, takes the agreement out of the ambit of the statute. *Great Hill Fill & Gravel, Inc. v. Shapleigh*, 1997 ME 75, ¶¶ 6-7, 692 A.2d 928, 930. Quoting from *Busque v. Marcou*, 147 Me. 189, 295, 86 A.2d 873, 876 (1952), the

3

Law Court stated:

> Relief because of the partial or full performance of the contract is usually granted in equity on the ground that the party who has so performed has been induced by the other party to irretrievably change his position and that to refuse relief according to the terms of the contract would otherwise amount to a fraud upon his rights."

Applying that principle in the present case, the court will enforce that portion of the parties' agreement that Fowler would be equally responsible with Powers for any partnership or corporate losses.

Fowler's second argument appears to be that while Powers did provide the money, Fowler made his contribution to the business through his own work maintaining and repairing the fleet of trucks. It may be that Fowler provided most of the mechanical work involved, but he brought no counterclaim and there was no evidence presented from which the court could quantify Fowler's inkind contribution.

For the reasons stated above, the entry will be:

(1)    Plaintiff's Motion to Amend Complaint is DENIED.

(2)    Judgment for the plaintiff on counts I and II in the amount of $48,855.78, plus costs and interest.

Dated: July____25____, 2001

_____
S. Kirk Studstrup
Justice, Superior Court

4

Date Filed __8/11/00__ __Kennebec__ Docket No. __CV00-157__
County

Action __Contract__

# J. STUDSTRUP

Michael Powers, d/b/a Powers Auto  vs.  Steven Fowler

| Plaintiff's Attorney Sales | Defendant's Attorney |
|---|---|
| M. Michaela Murphy, Esq.<br>One Center Street<br>Waterville, Maine 04901 | James Mitchell, Esq.<br>PO Box 359<br>Waterville, Maine 04903 |

| Date of Entry | |
|---|---|
| 8/11/00 | Complaint, filed. s/Murphy, Esq.<br>Case File Notice mailed to atty.<br>Original Summons with return service made upon Steven Fowler on 8/1/00, filed.<br>Motion for Approval of Attachment and Trustee Process and Memorandum of Law, filed. s/Murphy, Esq.<br>Affidavit of Michael Powers, filed. s/Michael Powers<br>Proposed Order, filed. |
| 8/21/00 | Answer to Plaintiff's Complaint, filed. s/Mitchell, Esq.<br>Defendant's Motion for Judgment on the Pleadings, filed. s/Mitchell, Esq.<br>Defendant's Memorandum of Opposition to Plaitiff;s Motion for Approval of Attachment and Trustee Process, filed. s/Mitchell, Esq.<br><br>SCHEDULING ORDER, Studstrup, J.<br>"Scheduling Order filed. Discovery deadline is April 21, 2001."<br>Copies mailed to attys of record. |
| 8/24/00 | Defendant's Motion to Amend Scheduling Order, filed. s/Mitchell, Esq. |
| 9/7/00 | Memorandum in Opposition to Defendant's Motion to Dismiss, filed. s/Murphy, Esq. (attached exhibits A,B,C)<br>Affidavit of Michael Powers, filed. s/Powers |
| 10/16/00 | Motion for Leave to Withdraw as Defendant's Counsel, filed. s/Mitchell, Esq<br>Proposed Order, filed. |
| 10/19/00 | Notice of Dismissal of Motion for Leave to Withdraw as Defendant's Counsel, filed. s/Mitchell, Esq. |
| 1/2/01 | Defendant's Motion to Continue, filed. s/Mitchell, Esq.<br>Proposed Order, filed.<br>Certificate of Service, filed. Mitchell, Esq. |