**FOREST CITY CHEVROLET,
Plaintiff**

v.

**WATERFORD OF PORTLAND,
LLC, Defendant**

**No. CIV. 01–282–PH.**

United States District Court,
D. Maine.

Nov. 29, 2001.

Philip P. Mancini, Esq., Horace W Horton, Esq., Douglas F. Britton, Esq., Drummond & Drummond, LLP, Portland, ME, for Forest City Chevrolet, plaintiffs.

Richard P. Romeo, Esq., Smith Elliott Smith & Garmey, PA, Saco, ME, for Waterford of Portland LLC, DSD Real Estate Inc., intervenor-defendants.

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

HORNBY, Chief Judge.

This is a lawsuit against a seller to enjoin the sale of a piece of real property. Jurisdiction is based upon diversity of citizenship. The would-be purchaser filed its complaint in federal court yesterday, November 28, 2001, at 1:10 p.m., together with a request for a temporary restraining order ("TRO") to halt any sale pending final determination of the merits of the case. Closing of the challenged sale had been scheduled for yesterday. At a conference with the Magistrate Judge late yesterday afternoon, the closing was postponed until 11:00 a.m. today, November 29, 2001, to permit this Court to rule on the request for a TRO. The purchaser who expected to buy the real estate at the closing was permitted to intervene as a defendant. Supplemental papers were thereafter filed by various parties up through 6:00 p.m. last night.

It is apparently undisputed that the plaintiff earlier filed a virtually identical lawsuit in state court with a request for a TRO. That TRO request was denied by Superior Court Justice Perkins on November 27, 2001 (docketed on November 28, 2001), the day before the plaintiff filed this federal lawsuit.

The defendants—seller and purchaser in the closing now rescheduled for today—ask me to deny the TRO both on the same arguments they made successfully before Justice Perkins and on the additional basis of what they call the law of the case, namely, Justice Perkins's TRO decision adverse to the plaintiff. In its opposition, the seller also asks me to dismiss the lawsuit, although it has not filed a formal motion. The plaintiff resists all such arguments.

■ I turn to the second ground first—law of the case. To me, this is a novel application of the doctrine. Law of the case counsels against change in a judicial ruling once a ruling has been entered (unlike *res judicata*, it is not limited to final judgments and is discretionary, not mandatory), but it applies ordinarily to the *same case*. To be sure, it may apply upon transfer of a case from one federal jurisdiction to another, or upon removal of a case from state to federal court, but those instances still involve the *same case*. Here, we have two separate cases—one filed in state court, and one filed in federal court. There has been no removal. Nevertheless, the defendants have some limited authority that supports their position. Specifically the Seventh, Ninth, and Tenth Circuits and a previous edition of Moore's Federal Practice describe law of the case as applying to separate cases if they involve the same parties and same subject matter. *See Barrett v. Baylor*, 457 F.2d 119, 124 (7th Cir.1972) (citing 1B James W. Moore, Moore's Federal Practice ¶ 0.404[7] (2d ed.1965)); *Gage v. General Motors Corp.*, 796 F.2d 345, 349–50 (10th Cir.1986) (citing *Barrett* and 1B James. W. Moore, Moore's Federal Practice 118 (2d ed.1983)); *Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir.1989) (citing *Gage* ). In the limited time available, I have been unable to find a comparable statement in the current version of Moore's, *see* 18 Susan Bandes & Lawrence B. Solum, Moore's Federal Practice §§ 134.20–.24 (3d ed.2000) (discussing law of the case), and the parties have presented me no First Circuit authority on the topic. The cases in the defendants' favor have not explained why law of the case doctrine applies to two separate cases. Presumably the argument would be that if the two cases are essentially the same, they should accordingly be treated as one case. The ramifications of the holding, however, are troubling. The Supreme Court has told us that federal courts have an "unflagging obligation" to exercise jurisdiction over disputes within their jurisdiction, and the First Circuit has readily reversed district courts who have abstained in favor of parallel state proceedings. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *see, e.g., Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 53 (1st Cir.1995) (vacating the federal district court's stay of a federal action ordered in light of similar state court proceedings). If law of the case doctrine applies to parallel cases, is the federal court then to defer to a state judge's discovery rulings, scheduling rulings, and substantive rulings even though there is no final judgment? That would have the potential of limiting *Colorado River* and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), substantially. In the absence of First Circuit authority, I decline to rest my decision on law of the case.

I also consider dismissal, stay, and abstention. The relevant law on this topic is set forth by the Supreme Court in *Colorado River* and *Moses H. Cone*, and by the First Circuit in a variety of cases. I consider each of the pertinent factors:

1. *Jurisdiction over property.* This lawsuit does involve a piece of real estate and the ability to sell it. However, no court has been asked to take jurisdiction of the *res*, the usual focus of this factor.

2. *Convenience of the two forums.* This factor does not appear pertinent here. The forums are equally convenient.

3. *Piecemeal litigation.* The two lawsuits are duplicative, but that is always the case in *Colorado River/Moses H. Cone* disputes. There is nothing special here.

4. *Order of obtaining and exercising jurisdiction and vexatious nature of the lawsuit.* These considerations argue in favor of dismissal, stay, or abstention. The plaintiff filed its state lawsuit first, and proceeded to seek its preliminary relief there. Only when it was unsuccessful—*i.e.,* its TRO request was denied by the state justice—did it file its federal lawsuit. Its motivation, therefore, is troubling. It seems to be the most blatant form of forum shopping. *See Cruz v. Melecio,* 204 F.3d 14, 24 (1st Cir.2000); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 947 F.2d 529, 533–34 (1st Cir. 1991). (To the plaintiff's credit, it was completely forthright in advising this court from the outset that it had filed a parallel state lawsuit.) Moreover, to permit this parallel federal lawsuit to proceed would effectively permit the plaintiff to evade the rule that ordinarily prevents plaintiffs from removing state lawsuits to federal court. *See Gonzalez v. Cruz,* 926 F.2d 1, 4 (1st Cir.1991) (citing *American Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.,* 843 F.2d 1253, 1261 (9th Cir. 1988)).

5. *Decisional law.* This case involves only state law questions, but they are not difficult or novel questions. This factor does not cut in either direction.

6. *Adequacy of the state forum.* The state forum is perfectly adequate to protect the plaintiff's rights. Therefore this factor does not cut in either direction. I believe, therefore, that there are strong arguments for dismissal or stay of this federal lawsuit. Since dismissal has not been formally argued as yet, however, and since the First Circuit has reversed federal trial judges (including me, *see Burns v. Watler,* 931 F.2d 140 (1st Cir.1991)) a number of times for dismissing or staying parallel state actions, I do not rest my decision on this ground.

■ Instead, I turn to the merits of the TRO request. On the merits, I deny the motion on two particular grounds. First, I find the likelihood of success very limited. In addition to the reasons I have outlined above for dismissal of this federal lawsuit, I find that the plaintiff is unlikely to be able to enforce its alleged oral contract for the purchase of the real estate. In Maine, the statute of frauds requires a purchase and sale agreement to be in writing. 33 M.R.S.A. § 51(4) (1999). Although there are some bases for avoiding the requirement, the plaintiff's case here is factually thin. It has virtually no evidence of reliance that would qualify for equitable relief to avoid the statute of frauds. (Its primary reliance argument is that it did not obtain a written contract because it thought it had an oral contract. That is not the kind of reliance that ordinarily justifies avoiding the statute of frauds.) *See, e.g., Gagne v. Stevens,* 696 A.2d 411, 416 (Me.1997) ("[S]pecific performance of a contract [for the sale of land] that does not satisfy the statute of frauds is warranted only if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement," (citations omitted)); *see also Stearns v. Emery–Waterhouse Co.,* 596 A.2d 72, 74–75 (Me.1991); *Chapman v. Bomann,* 381 A.2d 1123, 1126–30 (Me. 1978).

Second, I am not satisfied on the balance of harms factors. The plaintiff already has the availability of a *lis* pendens with respect to this real estate. *See* 14 M.R.S.A. § 4455(2) (1980). Thus, the other purchaser is on notice of the dispute over the real estate. Indeed, the other purchaser has now intervened as a party to this lawsuit. Any relief this court might ultimately award the plaintiff presumably

could unwind the consequences of any closing held between the seller and the other purchaser. Thus, I do not see the irreparable injury to the plaintiff. Any "priority" to the current transaction and any bona fide purchaser defense either exist or do not exist based upon earlier events, but I do not see how these factors are affected by the closing, if it goes forward.

For these reasons, therefore, I **DENY** the plaintiff's request for a temporary restraining order.

**SO ORDERED.**