STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-06-226

CRAIG R. JONES,

     Plaintiff,

v.                                                              ORDER

ROBERT L. ADAM, et al.,

     Defendants.

Before the court are two motions by defendants Robert Adam and Fore LLC. The first motion seeks summary judgment as to plaintiff Craig Jones's mechanics lien claim in Count IV[1]; the second motion is a motion for summary judgment and a motion to dismiss all the remaining claims in the complaint.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

---

[1] There are two counts designated as Count IV in the complaint. The first is a mechanic's lien claim; the second is an unpaid wage claim.

At the outset the court notes that Jones has filed a motion to strike certain paragraphs of the statement of material facts submitted in support of defendants' second motion, contending that those paragraphs are not supported by facts in the record. This motion was filed a month before the recent amendment to Rule 56(i) prohibiting motions to strike in the context of Rule 56 statements of material fact. The court will not separately rule on Jones's motion to strike but in ruling on the second motion for summary judgment, the court will consider Jones's contentions that certain factual assertions are unsupported.

1.    Count IV – Mechanic's Lien Claim

The court will first address the mechanic's lien claim because that was the subject of defendants' initial motion. In that claim Jones seeks to enforce a mechanic's lien claim against the Rivermeadow Golf Course. This claim is asserted in the alternative, since Jones's primary contention is that defendant Robert Adam promised to convey the company owning the Rivermeadow Golf Course to Jones once an adjacent condominium project was complete.

With respect to the mechanic's lien claim, the court concludes there are disputed issues of fact for trial. Defendants argue that this action was not commenced until April 14, 2006 and that this was more than 120 days after the last labor or services forming the basis for the alleged lien. See 10 M.R.S. § 3255(1). Jones's affidavit, however, alleges that he performed services that would qualify for lien status "through the 17th or 18th of December 2005." Jones's Opposing Statement of Material Facts (SMF) dated December

2

4, 2006 ¶ 32, Jones's Affidavit sworn to December 1, 2006 ¶ 17(g), 19, 29. If this is true, the complaint was filed within 120 days.[2]

Moreover, although Jones has not disputed that he was terminated by Teal LLC, another company affiliated with defendant Robert Adam, on December 14, 2005,[3] he maintains that the services he provided at the Rivermeadow course were not in his capacity as an employee of Teal LLC. Defendants' other arguments addressed to Jones's mechanic's lien claim also raise disputed issues of fact. Summary judgment is denied as to Count IV.[4]

## 2. Contract Claim - Condition Precedent

Defendants' second motion for summary judgment addresses the remaining counts in the complaint, which center on the claim that Jones had reached an agreement with defendants whereby Jones would be given the golf course company in exchange for certain services. Defendants argue that Jones has acknowledged that, under the alleged agreement, he is not entitled to receive the golf course company until an adjacent condominium project is completed. Since it is undisputed that the condominium project is not complete, defendants contend that Jones's contract claim fails because an essential condition of the alleged contract has not been met.

---

[2] Jones's Notice of Mechanic's Lien alleges that services were last furnished on December 16, 2005. Even if Jones were to be held to that date, as opposed to the dates in his affidavit, his mechanics lien action was timely.

[3] See Defendants' SMF dated November 2, 2006 ¶ 27. Although Jones denied ¶ 27, his denials do not address the date or fact of his termination from Teal LLC but rather dispute that his work on the Rivermeadow course was in his capacity as a Teal LLC employee. Plaintiff's December 4, 2006 Opposing SMF ¶ 27.

[4] The court agrees, however, that if Jones's contract claims are ultimately found unavailing, the amount he can recover on his mechanic's lien claim would be limited to the fair and reasonable value of his services over and above any services encompassed by his duties as a Teal LLC employee.

On this issue, the court concludes that Jones has raised disputed issues for trial as to whether defendants have repudiated the contract, thereby allowing Jones to sue for breach even though the condominium project has not been completed. See Restatement, Second, Contracts §§ 243, 250, 253, 255. In addition, the court would be reluctant to interpret the contract to make completion of the condominium project (to the extent that is within defendants' control) a condition of their alleged obligation to give golf course company to Jones. If the evidence at trial were to establish that the condominium project could not be completed for unrelated reasons, that might be fatal to Jones's contract claim, but this issue cannot be resolved on summary judgment.

3.    Statute of Frauds – Sale of Land

Defendants next argue that the alleged contract which forms the basis for Jones's claim is unenforceable under Maine's Statute of Frauds, 33 M.R.S. § 51, for two reasons. First, they argue that Jones is seeking damages for defendants' breach of an alleged contract to convey the Rivermeadow Golf Course to Jones, and that this contract (if it exists)[5] is a contract "for the sale of lands . . . or of any interest in or concerning them" within the meaning of 33 M.R.S. § 51(4). Accordingly, defendants argue, the alleged contract is unenforceable because it is not in writing. Jones responds that he is alleging that defendants breached an agreement to convey the company owning the Rivermeadow course to him and that an ownership interest in a limited liability corporation is not an interest in land for purposes of the Statute of Frauds.

The court cannot find any Maine cases that are on point. Left to its own devices, the court would conclude that a contract to convey an interest in a limited liability company does not fall within 33 M.R.S. § 51(4), even if the major asset of that limited

_____

[5] Defendants deny that any such contract exists.

4

liability company is land. Defendants are therefore not entitled to summary judgment on this issue.

4.      Statute of Frauds – Contract Not to be Performed Within One Year

The second reason that defendants argue that the alleged contract to convey the Rivermeadow course to Jones is unenforceable under the Statute of Frauds is because they contend the record establishes that the alleged agreement was "not to be performed within one year from the making thereof." 33 M.R.S. § 51(5).

On this issue defendants rely in large part upon the testimony of Jones in his deposition.[6] In his deposition Jones asserted that his alleged agreement with Adam was reached in February 2003 and reaffirmed in July 2003. Jones Dep. 109. Taking the starting date as July 2003 for purposes of 33 M.R.S. § 51(5), Jones acknowledged that the purchase of the Rivermeadow course was not completed until November 2003, that approximately a month would thereafter have been necessary to obtain a survey and wetland and traffic studies, that at least two or three months would then have been necessary to obtain subdivision approval before construction could begin, and that construction was anticipated to consist of four units initially, followed by two more units every month to six weeks until completion. Jones Dep. 109-110, 113. Significantly, Jones testified that it was also anticipated that once the first units were finished, those units would be sold, and the completed sales would be used to help finance the remainder of the project. Jones Dep. 113.

---

[6] Defendants also rely upon defendant Adam's affidavits but acknowledge that they cited to the wrong affidavit in portions of their statement of material facts. See Defendants' March 26, 2007 Opposition to Plaintiff's Motion to Strike at 4-6. The court will rely solely on Jones's deposition testimony on this issue.

Defendants point out that the actual project is not finished and took far longer at every stage. Even under schedule testified to by Jones at his deposition, however, the condominium project would not have been completed by July 2004. Indeed, Jones specifically acknowledged that the first four units were not due to be completed until the spring or early summer of 2005. Jones Dep. 113. From Jones's own deposition, therefore, the alleged agreement was not anticipated to be performed within a year.

The affidavit submitted by Jones in response to defendants' motion for summary judgment does not address his deposition testimony on this issue but simply asserts that there was no intent that the development of the condominiums would take place over a period in excess of one year and that the development "could have been structured" so that all units were constructed at the same time in order to make this occur. First, a party cannot generate a disputed issue for trial by submitted an affidavit contradicting his deposition testimony. See Zip Lube Inc. v. Coastal Savings Bank, 1998 ME 81 ¶ 10, 709 A.2d 733, 735. Second, Jones's assertion that the condominium development "could have been" completed within a year constitutes a misunderstanding of Maine law on this issue.

Under Maine law, whether or not it would be possible for a contract to be performed within a year, the dispositive question is whether, under the specific circumstances in question, the parties expressed or otherwise manifested an intent or understanding that the performance of the contract would take longer than a year. E.g., Great Hill Fill & Gravel Inc. v. Shapleigh, 1997 ME 75 ¶ 5, 692 A.2d 928, 929-30; Marshall v. Lowd, 154 Me. 296, 304-05, 147 A.2d 667, 671-72 (Me. 1958). Jones's argument that the project could have been restructured to be completed within a year is therefore unavailing.

6

Defendants are therefore entitled to summary judgment with respect to Count I of Jones's complaint.

5.    Promissory Estoppel

Contrary to defendants' arguments, however, this does not eliminate Jones's contract claims. Under Restatement, Second, Contracts § 139(1), the Statute of Frauds does not prevent enforceability of a promise if the promise is one that the promisor should reasonably expect to induce action on the part of the promisee, if the promise does in fact induce action by the promisee, and if injustice can be avoided only by enforcement of the promise. These are precisely the allegations made by Jones in Count II of his complaint. Moreover, Jones has demonstrated that there are disputed issues for trial on these issues.

Defendants argue that the doctrine of promissory estoppel is precluded in this case by the Law Court's ruling in Stearns v. Emery-Waterhouse Co., 596 A.2d 72, 74-75 (Me. 1991). Stearns held that the doctrine of promissory estoppel as set forth in Restatement § 139 is not available in employment contracts. However, on a motion for summary judgment, the court is obligated to accept Jones's version of the facts, and under Jones's version of the facts, he is not seeking to enforce an employment contract. Instead, he is attempting to enforce an alleged promise that the golf course company would be conveyed to him on completion of the associated condominium project.

Stearns specifically recognized that although unavailable to enforce employment contracts, Restatement § 139 "may promote justice in other situations." 596 A.2d at 74. In the employment context, the court was concerned that there would always be "pre-employment actions of reliance" preparatory to any new job. Id. at 75. As a result, the

7

court reasoned that if promissory estoppel were recognized with respect to employment contracts, the Statute of Frauds would rarely apply.

In contrast, Jones is not trying to enforce an employment contract in Count II of his complaint, and no "pre-employment actions of reliance" are involved in this case. Summary judgment is therefore denied as to Count II.

6.      Part Performance

To the extent that Jones also argues that he can avoid the Statute of Frauds based on part performance, the court agrees with defendants that part performance is only available as an exception to the Statute of Frauds in cases when specific performance is sought. See Great Hill Fill & Gravel Inc. v. Shapleigh, 1997 ME 75 ¶¶ 6-7, 692 A.2d at 930; Northeast Investment Co. Inc. v. Leisure Living Communities Inc., 351 A.2d 845, 855 (Me. 1976). Jones has not sought specific performance in this case.

7.      Fraud

Count III of Jones's complaint alleges the elements of a cause of action for fraud. Under Restatement, Second, Torts § 530(1), Jones would be entitled to recover on this theory if he can prove, inter alia, that defendant Adam promised to convey the golf course company to Jones and had no intention of doing so at the time he made that promise. There are disputed issues for trial on this issue.

8.      Unpaid Wage Claim

In the second of the two counts identified as Count IV, Jones asserts an unpaid wage claim against Adam and Fore LLC pursuant to 26 M.R.S. §§ 626 and 626-A. It is, however, undisputed that Jones was not an employee of either Adam directly or of Fore

8

LLC. Both parties agree that he was an employee of Teal LLC, but he is not seeking unpaid wages from Teal LLC.

Sections 626 and 626-A of Title 26 M.R.S. are only applicable to wage claims brought by "employees." Jones is not seeking to collect unpaid wages from an employer in this case. Teal LLC has not even been named as a defendant. Instead, Jones is seeking enforcement of his alleged rights as either a joint venturer or an independent contractor. Under these circumstances defendants are entitled to summary judgment dismissing Jones's unpaid wage claim.

9.     _Quantum Meruit_ Claim

No express _quantum meruit_ claim is contained in the complaint. Nor, to the court's knowledge, has Jones previously articulated such a claim. Nevertheless, in his response to defendants' second motion for summary judgment, Jones argues that a _quantum meruit_ claim is implicitly contained in his complaint. See Plaintiff's March 5, 2007 Memorandum in Opposition to Defendants' Motion for Summary Judgment at 17-18.

The court agrees that the allegations in Jones's mechanic's lien claim appear to be similar to the allegations in a _quantum meruit_ claim. Since both the deadline for amending pleadings and the discovery deadline have passed, however, the court will not deem Jones's complaint to be amended to include a _quantum meruit_ claim at this time.

If Jones wishes to assert a _quantum meruit_ claim against Adam or Fore LLC, he shall promptly move for leave to amend his complaint. Defendants shall have 10 days to respond. In considering whether or not to allow such an amendment, the court will consider any explanation Jones may offer for not seeking such an amendment earlier

and will especially consider any prejudice to defendants that might result from allowing the amendment.

The entry shall be:

Defendants' motion for summary judgment dismissing plaintiff's mechanic's lien claim is denied. Defendants' motion for summary judgment with respect to the remaining counts in the complaint is granted as to Count I and as to plaintiff's unpaid wage claim and is denied as to Counts II and III.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: July 13, 2007

Thomas D. Warren
Justice, Superior Court

10

)F COURTS
and County
Box 287
ine 04112-0287

BRADFORD BOWMAN ESQ
PO BOX 447
PORTLAND ME 04112

_ P|

= COURTS
nd County
ox 287
1e 04112-0287



THOMAS HALLETT ESQ
PO BOX 7508
PORTLAND ME 04112