STATE OF MAINE                                      SUPERIOR COURT
                                                      CIVIL ACTION
YORK, ss.                                       DOCKET NO. RE-06-192
                                                GAR - YOR  /2/6  ...


WASHINGTON MUTUAL BANK, FA,

                 Plaintiff


        v.                                      **ORDER**


HERBERT P. MORIN, in his capacity as
Personal Representative of the Estate
of GERARD T. MORIN,

                 Defendant



        Before this Court is Plaintiff Washington Mutual Bank, FA's (WAMu) motion for

summary judgment pursuant to M.R. Civ. P. 56. Following hearing, the motion is

Denied.

## BACKGROUND

        WAMu purports to be the holder of a mortgage note (Note) which is in default

and was signed by Gerard Morin. WAMu requests the Court to enter summary

judgment on the basis of an affidavit made by Jennifer Utterback, representing Wells

Fargo Home Mortgage. The affidavit and supporting materials are claimed admissible

under M.R. Evid. 803(6), the business records exception to the hearsay rule. Attached

to WAMu's unsworn complaint is a mortgage note in favor of Downeast Mortgage

Corp. signed by Michael T. Morin, under a power of attorney granted by Gerard T.

Morin. Defendant opposes the motion for summary judgment asserting that WAMu's

motion and supporting materials do not meet the requirements of Rule 56. WAMu

asserts that its statement of material facts should be deemed admitted because it was not properly controverted. M.R.Civ.P. 56(h).

## DISCUSSION

### I.  Summary Judgment

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶4, 770 A.2d 653, 655. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶6, 750 A.2d 573, 575.

In support of a motion for summary judgment, a party must file a memorandum of law. M.R. Civ. P. 7(b)(3). Moreover, the moving party must include with the motion a statement of material facts, and each such fact must contain a reference to the record supporting that fact. M.R. Civ. P. 56(h)(1); *see also Levine*, 2001 ME 77, ¶6, 770 A.2d at 656. The parties may file affidavits in support of or in opposition to a summary judgment motion, but pursuant to Rule 56(e), an affidavit must "set forth such facts as would be admissible in evidence." M.R. Civ. P. 56(e). "Sworn to or certified copies" of any documents referred to in an affidavit must be included with it. *Id.*

In its current form, WAMu's motion does not satisfy the burden of proof required of it under Rule 56.[1] The documents referred to in the affidavit were not attached or served with the affidavit (nor are there any sworn to or certified documents attached). *See* M.R. Civ. P. 56(e). Moreover, as discussed below, because the underlying

---

[1]  "A party who moves for summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Levine v. R.B.K. Caly Corp.*, 2001 Me. 77, ¶4, 750 A.2d 653, 655.

business records were not attached, M.R. Evid. 803(6) is inapplicable. No business records were offered into evidence.

## II. Business Records Exception to the Hearsay Rule

Under the Maine Rules of Evidence, certain documents, which would otherwise be hearsay, may be admitted if a proponent lays a proper foundation to assure reliability. Field & Murray, *Maine Evidence* § 803.6 at 433 (4th ed.). A proponent must establish that:

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein; (2) the record was kept in the course of a regularly conducted business; (3) it was the regular practice of the business to make records of the type involved; and (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*LDC Gen'l Contracting v. LeBlanc*, 2006 ME 106, ¶ 15, 907 A.2d 802, 806 (*quoting Northeast Bank & Trust Co. v. Soley*, 481 A.2d 1123, 1125-26 (Me. 1984)).

In this case, WAMu offers the affidavit of Jennifer Utterback, a default litigation specialist for Wells Fargo Home Mortgage, as evidence that WAMu holds a mortgage note signed by Defendant. She asserts her personal knowledge based on her "familiarity with WAMu and WAMu's servicing agent." No other link between Wells Fargo Home Mortgage and WAMu is asserted. Ms. Utterback refers to a Promissory Note executed in favor of Downeast Mortgage Corporation and an assignment thereof to WAMu. Neither of these documents is attached to the affidavit.

A plain reading of M.R. Evid. 803(6) allows a business "record" to come in evidence if a proper foundation is established. *See Id.* Accordingly, the testimony of the proponent is only admissible to the extent that it lays a sufficient foundation for the *document* that is being offered in evidence unless some other exception to the hearsay

3

rule exists.[2]   In this case, no document has been offered in evidence, only Ms. Utterback's statement concerning what documents are contained in Wells Fargo's records.

## CONCLUSION

Plaintiff's Motion for Summary Judgment is Denied.

Dated:      December 27, 2007

G. Arthur Brennan
Justice, Superior Court

John A. Doonan, Esq. - PL
S. J. Levis, Jr., Esq. - DEF

---

[2]      *See United States . Marshall*, 762 F.2d 419, 426 (5th Cir. 1985) (finding reversible error where a trial court admitted the "fact" testimony of a witness in lieu of the record about which she was testifying).

4

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-06-192
GAB - YOR - 10/3,2010

WASHINGTON MUTUAL BANK, FA

Plaintiff

v.                                                        **ORDER**

HERBERT P. MORIN, Personal
Representative of the Estate of
GERARD T. MORIN,

Defendant

Plaintiff Washington Mutual Bank, FA, moves to dismiss defendant Herbert P.

Morin's counterclaim.[1]  Following hearing, the Motion will be Granted in part and

Denied in part, as follows.

## BACKGROUND

Gerard T. Morin allegedly executed and delivered a promissory note in the

amount of $115,200.00 to Downeast Mortgage Corporation on July 16, 2003. This note

was secured by a mortgage executed and delivered on the same date. Downeast

Mortgage allegedly assigned the note and mortgage to plaintiff Washington Mutual

shortly thereafter. Gerard Morin passed away on April 10, 2006; defendant Herbert P.

Morin is the personal representative of Gerard Morin's estate.

Washington Mutual claims that the defendant failed to make the monthly

payment due May 1, 2006 and all subsequent payments, and is therefore in default. On

December 11, 2006, it brought this action for foreclosure and sale against Herbert Morin

---

[1]     The Office of Thrift Supervision declared Washington Mutual Bank insolvent on
September 25, 2008, and appointed the Federal Deposit Insurance Corporation as its Receiver.
The FDIC moved to substitute itself for Washington Mutual in this case on February 26, 2009.

in his capacity as personal representative. The parties engaged in settlement negotiations throughout 2008 and into 2009, leading to the dispute at bar. On December 8, 2009, the court granted Mr. Morin leave to add a counterclaim arising from Washington Mutual's alleged breach of a settlement agreement.

Mr. Morin's counterclaim complaint alleges that the parties' attorneys had a series of telephone conversations on Friday February 27, 2009. (Counterclaim ¶ 13.) Mr. Morin's counsel stated that he was ready to try the case and that any further delay would adversely affect Mr. Morin. (Counterclaim ¶ 13.) Late that evening, the attorneys agreed to the essential terms of a settlement proposal on behalf of their clients. (Counterclaim ¶¶ 14–15.) Believing that there was an agreement, Mr. Morin's counsel waived the impending trial and, at Washington Mutual's request, notified the court that the parties had settled the case. (Counterclaim ¶¶ 16–17.) Mr. Morin later made improvements to the subject property after learning of the settlement. (Counterclaim ¶ 19.)

Per the attorneys' agreement, counsel for Washington Mutual prepared the first written draft of the settlement agreement and forwarded a copy to Mr. Morin. (Counterclaim ¶ 20.) Mr. Morin's counsel filled in certain blank spaces in the draft and had Mr. Morin sign the document. (Counterclaim ¶ 20.) Washington Mutual then refused to countersign the document and attempted to add an additional term to the settlement. (Counterclaim ¶ 21.) Mr. Morin claims that the parties had a binding settlement contract evinced in writing by Washington Mutual's email containing the initial draft and the copy bearing Mr. Morin's signature.[2] Washington Mutual's

---

[2] Mr. Morin identifies Washington Mutual as both the "Plaintiff" and the "Defendant" at various points in his counterclaim. The court relies on context to understand which party Mr. Morin is referring to in any given paragraph.

subsequent denial of the settlement constitutes a breach of their express or implied contract and will result in Washington Mutual's unjust enrichment.

Washington Mutual moves to dismiss Mr. Morin's counterclaim. The alleged settlement contract contemplated modifying the promissory note to reduce the principal balance of the loan, reduce the interest rate, and extend the amortization period to thirty years. (M. Dismiss at 1.) Washington Mutual argues that any such contract had to be in writing under both the terms of the mortgage and the statute of frauds. Mr. Morin has not produced a writing signed by both parties, and thus has no claim.

## DISCUSSION

"A motion to dismiss tests the legal sufficiency of the complaint." *Heber v. Lucerne-in-Maine Village Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)). The court examines "the complaint in the light most favorable to the [claimant] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *McAfee*, 637 A.2d at 465). "For purposes of a 12(b)(6) motion, the material allegations of the complaint must be taken as admitted." *McAfee*, 637 A.2d at 465. On a motion to dismiss an action on a contract, the court may consider the contract documents without converting the motion into one for summary judgment so long as the documents' authenticity is not challenged. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 9, 843 A.2d 43, 48.

The first and third counts of Mr. Morin's counterclaim assert that Washington Mutual has breached an express or implied contract, respectively. The alleged agreement is subject to Maine's statute of frauds. The statute of frauds "prevents the maintenance of actions 'upon any agreement that is not to be performed within one

3

year from the making thereof.'" *Great Hill Fill & Gravel, Inc. v. Shapleigh*, 1997 ME 75, ¶ 4, 692 A.2d 928, 929 (quoting 33 M.R.S. § 51(5) (1988)); *see Wells Fargo Home Mortg., Inc. v. Spaulding*, 2007 ME 116, ¶¶ 20–21, 930 A.2d 1025, 1030 (mortgage loan modification agreement subject to statute of frauds). The parties' intent is the determinative factor. *Id.* ¶ 5, 692 A.2d at 929.

The writing that Mr. Morin signed and seeks to enforce plainly calls for the contract to be performed over a thirty-year amortization, bringing it within the statute. (Levis Aff. filed June 10, 2009, Ex. B.) The fact that the contract could conceivably be discharged in one year is irrelevant. *See Shapleigh*, 1997 ME 75, ¶ 5, 692 A.2d at 929. The statute of frauds applies, and the court does not need to address whether the terms of the mortgage govern the promissory note or whether the promissory note is technically a contract for the sale of land.

Under the statute of frauds, Mr. Morin may only persevere with his counterclaim if the alleged settlement contract "or some memorandum or note thereof, is in writing and signed by" Washington Mutual or its authorized representative. 33 M.R.S. § 51 (2009). "A writing that is sufficient to satisfy the requirements of the statute of frauds may be in almost any possible form," including "'several separate papers and documents, not all of which are signed by the party to be charged, and none of which is a sufficient [writing] in itself.'" *Spaulding*, 2007 ME 116, ¶ 20, 930 A.2d at 1030 (quoting 4 Caroline N. Brown, *Corbin on Contracts*, § 23.1 at 761 (rev. ed. 1997)). Whether the writings do constitute a valid "contract is a matter to be determined by the fact finder." *Smile, Inc. v. Moosehead Sanitary Dist.*, 649 A.2d 1103, 1105 (Me. 1994).

Mr. Morin alleges that Washington Mutual's attorney agreed to a settlement and provided a written memorandum of its terms. The record shows that the contract was sent by an email stating: "Attached is draft of agreement, pls confirm that you have

4

rec'd this and the previously sent financial statement THANKS, John." (Levis Aff. filed June 10, 2009, Ex. A.) Mr. Morin then signed a document containing terms materially similar to the draft offered by Washington Mutual. (Levis Aff. filed June 10, 2009, Ex. B.) Giving Mr. Morin the benefit of all favorable inferences, he may be able to establish that the parties did have a signed written contract.

The court will, however, dismiss Mr. Morin's counterclaim count three for breach of an implied contract. Mr. Morin has not alleged that the parties began to perform the terms of the settlement contract or other facts that could place it within an exception to the statute of frauds. *See Fitzgerald v. Hutchins*, 2009 ME 115, ¶¶ 21–22, 983 A.2d 382, 389 (describing the "main purpose" exception); *Sullivan v. Porter*, 2004 ME 134, ¶ 11, 861 A.2d 625, 630–31 (explaining the "part performance doctrine"). Absent an exception, the statute of frauds precludes the existence of an implied contract.

Mr. Morin's second count alleges that he "conferred a series of benefits on" Washington Mutual and that that it would be inequitable to allow those benefits to be retained without compensation. (Counterclaim ¶¶ 24–26.) A party may recover for unjust enrichment if it can "show that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." Platz Assocs. v. Finley, 2009 ME 55, ¶ 27, 973 A.2d 743, 750 (quoting *Me. Eye Care Assocs. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707, 712) (quotation marks omitted). Mr. Morin's counterclaim recites these elements, and it would be premature to dismiss this count.

### CONCLUSION

5

The court Grants Washington Mutual's motion to dismiss count two of Mr. Morin's counterclaim, but Denies the motion to dismiss counts one and three.

Dated: October 13, 2010

G. Arthur Brennan
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
JOHN A DOONAN, ESQ.
DOONAN GRAVES & LONGORIA
100 CUMMINGS CENTER, STE 225D
BEVERLY MA 01915

ATTORNEY FOR DEFENDANT:
S JAMES LEVIS, JR., ESQ.
LEVIS & INGRAHAM
338 MAIN ST
SACO ME 04072