STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-253
TDW — CUM- 7/30/2012

KAREN THERIAULT,

Plaintiff

v.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 30 2012

RECEIVED

DENNIS DANIELLO,

Defendant

Before the court is defendant Dennis Daniello's motion to dissolve the ex parte attachment order issued by this court on June 14, 2012 and docketed on June 15, 2012. A telephonic hearing was held on the motion on July 26, 2012, and counsel for Theriault advised the court at that time that he was prepared to have the court decide the motion on the existing record.[1]

Many of the underlying facts are not in dispute, but Daniello has raised a number of legal and factual objections to the attachment. Theriault has the burden of justifying those findings in the ex parte order that are challenged by Daniello's affidavit. M.R.Civ.P. 4A(h).

---

[1] Both counsel reserved the right to supplement the record if the court determined that Theriault's right to attach property owned by Daniello at 11 Alder Lane in Shapleigh turned on whether Daniello's former wife still had a record interest in the property.

## 1. Statute of Frauds

Daniello argues that the 2006 agreement on which Theriault is suing is subject to the Statute of Frauds.[2] 33 M.R.S. §§ 51(4), 51(5). However, a contract that certain funds will be repaid out of the proceeds of the sale of property is not a contract for the sale of lands or an interest in lands under § 51(4).

Moreover, on this record it appears that the repayment of Theriault's $ 14,000 was contemplated to occur in "no more than two years," Daniello Aff. ¶ 6, and could have occurred within one year. Theriault Aff. ¶ 9 (looking for new house to move into "immediately"). Accordingly, it appears that the parties did not plainly manifest an understanding or intention that repayment would necessarily require more than one year to occur. Great Hill Fill & Gravel Inc. v. Shapleigh, 1997 ME 75 ¶ 5, 692 A.2d 928. Under these circumstances the Statute of Frauds set forth in 33 M.R.S. § 51(5) does not bar the motion for attachment.[3]

## 2. Claim for Living Expenses

Daniello contends that Theriault owes him $12,276 for her half of the living expenses from the fall of 2008 to November 2011, and he has filed a counterclaim for that amount. This does not bar Theriault's right to an attachment because counterclaims are not available as offsets on motions for attachment. Casco Northern Bank v. New England Sales, Inc., 573 A.2d 795, 797 (Me 1990).

## 3. Exemption for Value of Residence

Under 14 M.R.S. § 4422(1)(A) property exempt from attachment includes:

---

[2] In his motion to dissolve the attachment, Daniello also raised a statute of limitations argument, but that was withdrawn during the July 26 telephonic hearing.

[3] The court therefore does not need to reach Theriault's "part performance" argument.

2

> . . . the debtor's aggregate interest, not to exceed $47,500 in value, in real or personal property that the debtor or a dependent of the debtor uses as a residence . . . except that if minor dependents of the debtor have their principal place of residence with the debtor, the debtor's aggregate interest may not exceed $ 95,000 and except that if the debtor's interest is held jointly with any other person or persons, the exemption may not exceed in value the lesser of $ 47,500 or the product of the debtor's fractional share times $ 95,000.

Daniello's affidavit states that 11 Alder Lane in Standish was his residence and the residence of his two minor children when that property was attached pursuant to the June 14 order. He further states, without contradiction, that the property is worth approximately $70,000, and is subject to two existing mortgages with a current balance of $ 36,750. On this record, therefore, Daniello's equity interest in the property is $ 33,250 and he is entitled to an exemption of at least $ 47,500.[4] As a result, Daniello's interest in 11 Alder Lane is not subject to attachment.

## 4. Residual $400 Exemption

Pursuant to 14 M.R.S. § 4422(15) Daniello is also entitled to a $ 400 exemption in other property. He claims that exemption in a Key Bank account that has been subjected to trustee process by Theriault.

While Theriault argues that M.R.Civ.P. 4B(i) provides that a maximum of $ 100 held by any one trustee shall be exempt, this does not limit Daniello's $ 400 exemption for three reasons. First, the $ 100 maximum in Rule 4B(i) only applies to ex parte attachments. Where Daniello has now sought to dissolve the attachment and the court

---

[4] If he were the sole owner of the property, he would be entitled to an exemption of $ 95,000, but counsel for Theriault represents that Daniello's former wife is still an owner of record. If Theriault's right to an attachment turned on the difference between a homestead exemption of $ 47,500 and $ 95,000, this would present a difficult issue because the parties agree that Theriault's $14,000 was intended to be paid to Daniello's former wife in exchange for a release of her interest in the property. Because a $ 47,500 exemption is sufficient to shield the residence from attachment, however, the court does not have to reach this issue.

3

has considered both parties' arguments, the attachment in this case is no longer an ex parte attachment. Second, in any conflict between a statute and a rule of procedure, the statute controls except on issues that are properly within the sole province of the judiciary. Third, the statute and the rule can be reconciled because the Rule applies to individual bank accounts while § 4422(15) applies to the aggregate amount of other property that may be attached.

The entry shall be:

The June 14, 2012 order of attachment and attachment on trustee process is amended in two respects: (1) to provide that no attachment shall apply to 11 Alder Lane, Standish, ME, and (2) to provide that $ 400 of the amount attached on trustee process is exempt from attachment. Plaintiff shall release the latter amount from the funds subject to trustee process.

In all other respects defendant's motion to dissolve the ex parte attachment ordered on June 14, 2012 is denied.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 30, 2012

Thomas D. Warren
Justice, Superior Court

4

KAREN THERIAULT VS DENNIS DANIELLO
UTN:AOCSsr  -2012-0053267                           CASE #:PORSC-CV-2012-00253
----------------------------------------------------------------------

| 01 | 0000001139 | HAMBLEY, CLARKE C | | | |
|---|---|---|---|---|---|
| | 75 PEARL STREET SUITE 214 PORTLAND ME 04101 | | | | |
| F | DENNIS DANIELLO | | DEF | RTND | 07/23/2012 |

| 02 | 0000009853 | MCDONALD, KELLY | | | |
|---|---|---|---|---|---|
| | 75 PEARL STREET PO BOX 9785 PORTLAND ME 04104-5085 | | | | |
| F | KAREN THERIAULT | | PL | RTND | 06/04/2012 |